UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ANDERSON JOSEPH,

      Plaintiff,

   - against -

WELLS FARGO BANK,

      Defendant.
--------------------------------------------------------x
ANDERSON JOSEPH,

      Plaintiff,

   - against -

TD BANK,

      Defendant.
--------------------------------------------------------x
ANDERSON JOSEPH,

      Plaintiff,

   - against -

RIDGEWOOD SAVINGS BANK,

      Defendant.
--------------------------------------------------------x
ANDERSON JOSEPH,

      Plaintiff,

   - against -

CMJ MANAGEMENT INC.,

      Defendant.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-2810 (PKC) (PK)

21-CV-2811 (PKC) (PK)

21-CV-2812 (PKC) (PK)

21-CV-2813 (PKC) (PK)

1

ANDERSON JOSEPH,

        Plaintiff,

    - against -                                21-CV-2814 (PKC) (PK)

CHASE BANK,

        Defendant.
-----------------------------------------------------------x

ANDERSON JOSEPH,

        Plaintiff,

    - against -                                21-CV-2816 (PKC) (PK)

BANK OF AMERICA,

        Defendant.
-----------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

        Plaintiff Anderson Joseph brings these six *pro se* actions under 42 U.S.C. § 1983 ("Section 1983").[1] The actions are consolidated solely for the purpose of this Order. Plaintiff's requests to

---

[1] The Court notes that in recent weeks, Plaintiff has filed more than 15 other cases against various individuals, organizations, and entities based on allegations that are unrelated to the allegations set forth in the Complaints associated with the cases captioned herein. *See Joseph v. Nassau Cnty. Dep't of Prob.*, No. 21-CV-1690 (PKC) (PK); *Joseph v. Supreme Ct. of the State of N.Y.*, No. 21-CV-1685 (PKC) (PK); *Joseph v. Legal Aid Soc'y*, No. 21-CV-1686 (PKC) (PK); *Joseph v. N.Y.C. Police Dept.*, No. 21-CV-1687 (PKC) (PK); *Joseph v. Kirby Forensic Psychiatric Ctr.*, No. 21-CV-1688 (PKC) (PK); *Joseph v. Dep't of Probation*, No. 21-CV-1689 (PKC) (PK); *Joseph v. Row Hotel*, No. 21-CV-1691 (PKC) (PK); *Joseph v. Children's Rescue Fund*, No. 21-CV-1692 (PKC) (PK); *Joseph v. Landing Fam. Shelter*, No. 21-CV-1693 (PKC) (PK); *Joseph v. Spring Fam. Residence*, No. 21-CV-1694 (PKC) (PK); *Joseph v. Hollis Fam. Residence*, No. 21-CV-1695 (PKC) (PK); *Joseph v. MTA NYC Transit*, No. 21-CV-1696 (PKC) (PK); *Joseph v. H. Stark*, No. 21-CV-2136 (PKC) (PK); *Joseph v. Jamaica Hosp. Med. Ctr.*, No. 21-CV-2137 (PK); *Joseph v. Mount Sinai Queens*, No. 21-CV-2139 (PKC) (PK); *Joseph v. NYU Langone Med. Bus. Off.*, No. 21-CV-2140 (PKC) (PK); *Joseph v. Queens Hosp. Ctr.*, No. 21-CV-2141 (PKC) (PK).

proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 are granted. For the reasons discussed below, the Complaints are dismissed.

## LEGAL STANDARD

A complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although all allegations contained in the compliant are assumed to be true, this tenet is "inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); *see McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004) ("[A] court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations."). "If [a] liberal reading of the complaint gives any indication that a valid claim might be stated, the Court must give the plaintiff an opportunity to amend the complaint." *Nelson-Charles v. U.S. Dep't of Educ.*, No. 19-CV-1616 (PKC) (PK), 2019 WL 1675999, at *2 (E.D.N.Y. Apr. 16, 2019) (internal quotation marks omitted) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an IFP action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff makes essentially the same claim against each of the five bank Defendants—Wells Fargo Bank, TD Bank, Ridgewood Savings Bank, Chase Bank, and Bank of America. In each of the Complaints against these Defendants, Plaintiff alleges that the bank took a certain amount of money from an account he held at the bank and never returned it to him. (*See* No. 21-CV-2810, Dkt. 1, at 4 ($500.93 allegedly taken by Wells Fargo Bank); No. 21-CV-2811, Dkt. 1, at 3–4 ($60 allegedly taken by TD Bank); No. 21-CV-2812, Dkt. 1, at 4 (Ridgewood Savings Bank allegedly left Plaintiff with a $3 negative balance in his account when he was "supposed to have a balance of [$60]"); No. 21-CV-2814, Dkt. 1, at 4 ($607.04 allegedly taken by Chase Bank and Plaintiff's account was closed "for no reason"); No. 21-CV-2816, Dkt. 1, at 3–4 (Bank of America allegedly "took money in [Plaintiff's] account[,] [] sent the rest in a check[][,] and closed [the] account for no reason").) Each Complaint alleges that Plaintiff felt discriminated against and disrespected, and that he experienced stress, depression, and/or sleep disorder as a result of Defendants' conduct. (No. 21-CV-2810, Dkt. 1, at 4; No. 21-CV-2811, Dkt. 1, at 4; No. 21-CV-2812, Dkt. 1, at 4; No. 21-CV-2814, Dkt. 1 at 4–5; No. 21-CV-2816, Dkt. 1, at 4.) Plaintiff also alleges that Bank of America "abuse[d] [him] verbally." (No. 21-CV-2816, Dkt. 1, at 4.) In each action, Plaintiff seeks $100 million in damages for the alleged discrimination. (No. 21-CV-2810, Dkt. 1, at 5; No. 21-CV-2811, Dkt. 1, at 5; No. 21-CV-2812, Dkt. 1, at 5; No. 21-CV-2814, Dkt. 1 at 5; No. 21-CV-2816, Dkt. 1, at 5.) The conduct allegedly engaged in by these five bank Defendants occurred between July 3, 2017 and September 15, 2017. (No. 21-CV-2810, Dkt. 1, at 3; No. 21-CV-2811, Dkt. 1, at 3; No. 21-CV-2812, Dkt. 1, at 3; No. 21-CV-2814, Dkt. 1 at 3; No. 21-CV-2816, Dkt. 1, at 3.)

In his Complaint against CMJ Management Inc., Plaintiff alleges that on December 8, 2017, he was fired "for no reason" on his training day and was not "pa[id] [] for [his] duty." (No.

21-CV-2813, Dkt. 1, at 4.) Plaintiff alleges that he "felt discriminated [against] and disrespected" for getting fired on his first day at work. (*Id.*) Plaintiff alleges that it was "very stressful," and that he experienced depression, sleep disorder, and loss of memory. (*Id.*) Plaintiff seeks $100 million in damages for pain and suffering. (*Id.* at 5.)

## DISCUSSION

### I. 42 U.S.C. § 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured[.]

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). To state a claim under Section 1983, a plaintiff must allege that the conduct at issue was "committed by a person acting under color of state law" and that the conduct deprived the plaintiff "of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)).

"[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). However, the Second Circuit has identified three main tests for determining when the actions of a "nominally private entity are attributable to the state" for purposes of Section 1983:

> (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ("the compulsion test"); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with

5

the state, or the entity's functions are entwined with state policies ("the joint action test" or "close nexus test"); or (3) when the entity has been delegated a public function by the state ("the public function test").

*Fabrikant v. French*, 691 F.3d 193, 207 (2d Cir. 2012) (alteration in original) (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *Id.* (citations omitted).

Here, Plaintiff's claims against each of the Defendants fail because they are all private entities beyond the reach of Section 1983 liability. Plaintiff does not allege that any of the private bank Defendants or CMJ Management Inc., which appears to be a private corporation,[2] acted under color of state law, and there are no facts in the Complaints that demonstrate, even on a liberal reading, that the actions of these Defendants may be "fairly attributable" to the state. Therefore, the Complaints must be dismissed. *See Boothe v. Rossrock Funds II LP*, No. 16-CV-900 (PKC), 2017 WL 2271360, at *8 (E.D.N.Y. May 23, 2017) (dismissing Section 1983 claims against private corporations, including a bank, because none were "State actors for purposes of 42 U.S.C. § 1983" and the amended complaint "utterly fail[ed] to allege that [the] [d]efendants' actions are attributable to the State" (citation omitted)); *Brown v. Chase Bank*, No. 13-CV-5309 (WFK) (LB), 2013 WL 5537302, at *2 (E.D.N.Y. Oct. 7, 2013) (dismissing complaint against private corporations, including banks, and private individuals who "do not act under color of state law within the meaning of 42 U.S.C. § 1983"). Furthermore, Plaintiff does not provide any facts to support his conclusory allegations of discrimination by these Defendants. A complaint that offers

---

[2] The Court assumes that "CMJ Management Inc.," which Plaintiff identifies as located at 709 W Jericho TP, Huntington, New York 11743, refers to CMJ Management, a private management services company. *See CMJ Management*, CORTERA, https://start.cortera.com/company/research/l7n0pwq8s/cmj-management/ (last visited June 10, 2021).

nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or that "tenders naked assertions devoid of further factual enhancement" is insufficient. *Iqbal*, 556 U.S. at 678 (alteration, internal quotation marks, and citations omitted). Accordingly, even on a liberal reading, these Complaints must also be dismissed for failing to state a claim.

**II.     Denial of Leave to Amend**

As discussed, the Court has a duty to give a *pro se* plaintiff the opportunity to amend his complaint if a "liberal reading of the complaint 'gives any indication that a valid claim might be stated[.]'" *Nelson-Charles*, 2019 WL 1675999, at *2 (quoting *Cuoco*, 222 F.3d at 112). However, where it would be futile to do so because the claims are fundamentally invalid, the Court may deny the plaintiff this opportunity. *See Cuoco*, 222 F.3d at 112 ("The problem with [the plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile."); *accord Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order). The Court finds that it would be futile to allow Plaintiff to re-plead the claims asserted in these six actions, and therefore declines to grant him the opportunity to file amended complaints in any of these actions.

**III.    Filing Injunction Warning**

The federal courts have limited resources. Frequent frivolous filings diminish the ability of the federal courts to manage their dockets for the efficient administration of justice. "The district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotations and citations omitted).

Plaintiff is warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking IFP status without first obtaining permission from the Court. *See In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

## CONCLUSION

The Complaints filed in the above-captioned cases are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is respectfully directed to enter judgments and terminate the above-captioned cases.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore IFP status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 16, 2021
       Brooklyn, New York